```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**RANDAL RAY PAXTON,**

  Plaintiff,

v.           Civil Action No. 2:18-cv-00493

**NANCY A. BERRYHILL,**
Acting Commissioner of
Social Security,

  Defendant.

## MEMORANDUM OPINION AND ORDER

  Pending are the objections to the Magistrate Judge's Proposed Findings and Recommendation ("PF&R"), filed by the plaintiff, Randal Ray Paxton ("Claimant"), on January 3, 2019.

### I. Procedural History

  On March 28, 2018, Claimant instituted this civil action pursuant to 42 U.S.C. § 405(g). Claimant seeks judicial review of defendant Nancy A. Berryhill's ("Commissioner") administrative decision, which denied his application for disability insurance benefits and supplemental security income.

  This action was referred to United States Magistrate Judge Dwane L. Tinsley for consideration in accordance with 28 U.S.C. § 636(b)(1)(B) and the standing order in this district.

Claimant and the Commissioner have filed cross motions for judgment on the pleadings.

## II. Standard of Review

The court reviews de novo those portions of the magistrate judge's PF&R to which objections are timely filed. 28 U.S.C. §636(b)(1)(B); see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). On the other hand, the standard for review of the Commissioner's decision is rather deferential to the Commissioner under the Social Security Act, for "a reviewing court must 'uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017) (quoting Preston v. Heckler, 769 F.2d 988, 990 (4th Cir. 1985)); see 42 U.S.C. § 405(g); Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974) (stating that the court must scrutinize the record as a whole to determine whether the conclusions reached are supported by substantial evidence). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations omitted); accord Brown, 873, F.3d at 267.

I. Discussion

Claimant objects to the magistrate judge's proposed finding that the ALJ's RFC assessment was supported by substantial evidence where the case law relied on by the magistrate judge is, according to Claimant, distinguishable from the facts in this case. Obj. 1. He further claims there was a failure to provide any significant review of the medical evidence before determining that Claimant had failed to meet his burden of proof that his cane was medically required. Obj. 2; see Hughes v. Berryhill, 2017 WL 48154112, at *6 (S.D. W. Va. 2017) (holding that an assistive device, such as a cane, must be medically "required" for it to affect a claimant's RFC). In support thereof, he claims that "observations from the SSA Field Office and the Agency's psychological consultative examiner" was not considered by the ALJ, but was probative of Claimant's medical need for a cane. Id. at 3. Finally, Claimant maintains that, in the alternative, the ALJ should have ordered an additional consultative examination to confirm whether or not his cane is medically necessary. Id.

Claimant asserts that this case differs from Johnson v. Berryhill, 2017 WL 722063, at *9 (W.D. Va. 2017), insofar as the Johnson court noted normal objective clinical findings as a

3

basis for concluding that the ALJ was not obligated to include RFC limitations for a cane. Claimant insists that his administrative record "included abnormal objective clinical findings that supported his statements that his cane was necessary." Obj. 2. Claimant asserts that such evidence indicated abnormalities, including tenderness to palpation, decreased strength in his right foot, increased width of his right ankle and heel, abnormal motor strength, limited range of motion, and antalgic gait. Id. at 2-3.

As the magistrate judge explained in his PF&R, however, in order "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9P 1996 WL 374185, at *7. "If the claimant fails to supply appropriate documentation, the ALJ need not include the use of an assistive walking device in the RFC assessment." Helms v. Berryhill, 2017 WL 3038154, at *8 (E.D. Va. 2017), adopted by 2017 WL 3032216 (E.D. Va. 2017). "Courts have held claimants to a high burden in supplying the appropriate documentation." Id. (citing cases), see also Hughes, 2017 WL 4854112, at *14. "Self-reports and references in the record from physicians that a claimant presented with an

assistive device are not sufficient; there must be 'an unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary.'" Johnson, 2017 WL 722063, at *9 (citing Tripp v. Astrue, 489 F. App'x 951, 955 (7th Cir. 2012)).

An unambiguous opinion from a physician stating the circumstances in which an assistive device is medically necessary is absent from the record. As the Commissioner correctly notes, the mere "fact that an SSA employee and a psychologist (neither of whom have expertise relating to orthopedic conditions) merely observed [Claimant] using a cane does not transform the cane into a medical necessity." Resp. in Opp. to Obj. 5 (emphasis supplied). Because the Claimant failed to meet his burden of providing the required documentation, the magistrate judge understandably concluded that the ALJ was not required to include Claimant's cane in the RFC.

In the alternative, Claimant suggests that the ALJ should have ordered an additional examination. But as the magistrate judge correctly notes in his PF&R, it was within the ALJ's discretion whether to order a consultative examination. He was not required, by law, to do so. See 20 C.F.R. §§ 404.1519a, 416.919a (ALJ has discretion in determining whether to order a consultative examination); Bishop v. Barnhart, 78 F.

App'x 265, 268 (4th Cir. 2003) (citing 20 C.F.R. § 404.1519a) ("[T]he regulations state that the ALJ has discretion in deciding whether to order a consultative examination."). Moreover, it is the Claimant's burden to prove that he is disabled. The ALJ had "no further duty to develop the record," especially where Claimant was represented by counsel and never requested a consultative examination. See Resp. in Opp. to Obj. 9 (citing Def.'s Br. at 18-20).

Accordingly, the ALJ had sufficient evidence to determine whether Claimant was disabled. The magistrate judge did not err in upholding the ALJ's conclusion that Claimant failed to meet his burden in furnishing proper documentation to support his claim that his cane was medically required. The ALJ's finding of no severe impairment is supported by substantial evidence.

### III. Conclusion

Accordingly, having received the PF&R and Claimant's objections, and having reviewed the record de novo, it is ORDERED:

1. That the Claimant's objections to the PF&R be, and hereby are, overruled;

2. That the proposed findings and recommendations of the magistrate judge be, and hereby are, adopted in their entirety;

3. That the Claimant's request for judgment on the pleadings be, and hereby is, denied;

4. That the Commissioner's request for judgment on the pleadings be, and hereby is, granted;

5. That the decision of the Commissioner be, and hereby is, affirmed; and

6. That the Claimant's action be, and hereby is, dismissed and removed from the docket of the court.

The Clerk is directed to forward all copies of this judgment order to all counsel of record and the United States Magistrate Judge.

ENTER: March 27, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge